IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISON FICARELLA<br><br>Plaintiff,<br><br>v.<br><br>DAVID BELL and STELLAROCK, LLC<br><br>Defendants. | **COMPLAINT FOR MONETARY AND DECLARATORY RELIEF**<br><br>Civil Action No._____ |

## I. PRELIMINARY STATEMENT

1. Plaintiff, Alison Ficarella was formerly an employee at Bernardo's Pizza and Submarines. Bernardo's Pizza and Submarines was owned by defendant David Bell, doing business as StellaRock, LLC, a co-defendant.

2. Plaintiff brings this suit to recover wages owed to her under state and federal labor laws, and other appropriate relief.

3. During plaintiff's employment for the defendants, Plaintiff was not paid all hours worked and was not paid overtime despite being entitled to it.

4. Throughout plaintiffs' employment, the defendants failed to comply with legally mandated pay notice and record-keeping requirements.

5. Plaintiff seeks monetary damages to recover minimum wages, unpaid wages, overtime wages, and compensation for willful statutory labor law violations committed by the

1

defendants, as well as statutory attorneys' fees and costs.

## II. JURISDICTION AND VENUE

6. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and the Fair Labor Standard Act (FLSA), 29 U.S.C. § 216. Jurisdiction over claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

7. In addition, this court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

8. Plaintiff's state law claims are so closely related to their federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue over this action in the Western District of New York is proper pursuant to 28 U.S.C. §§1391(b)(1) and (2) because all of the acts which give rise to plaintiffs' claims occurred in this judicial district and because defendant Bell lives in this judicial district and defendant StellaRock LLC is located in the State of New York.

## III. PARTIES

**Plaintiff**

10. Plaintiff Alison Ficarella is an adult individual who resides in Ontario County, New York.

11. At all times relevant to this action, plaintiff was an "employee" of the defendants as defined in FLSA, 29 U.S.C. §203(e)(1) and N.Y. Labor Law §§190(2) and 671(2).

12. At all times relevant to this action plaintiff was an employee engaged in commerce for the purposes of 29 U.S.C. §§ 203(b) and 206(a). During plaintiff's employment at Bernardo's Pizza and Submarines she engaged in credit card transactions across state

2

lines and made orders for and received out-of-state shipments.

13. Plaintiff has agreed and consented in writing to be a party plaintiff in this action, as required by 29 U.S.C. §216(b). See Exhibit A.

**Defendants**

14. Defendant StellaRock, LLC is a domestic limited liability company in the County of Monroe, State of New York. It currently has active status with the New York State Department of State. Its Department of State ID number is 4281556 and its initial Department of State filing date is August 9, 2012.

15. Defendant Bell is and has been the only member of defendant StellaRock, LLC since its inception.

16. Defendant Bell resides in Ontario County, New York.

17. Defendant StellaRock purchased Bernardo's Pizza and Submarines in 2013. Upon information and belief, Bernardo's Pizza and Submarines is no longer in operation. Bernardo's Pizza and Submarines was located at 160 School St, Victor, NY 14564.

18. Defendant Bell exercised operational control over all aspects of the day-to-day functions of Bernardo's Pizza and Submarines.

19. Defendant Bell regularly employed and supervised employees in order to operate the business of Bernardo's Pizza and Submarines including the plaintiff in this action.

20. Bernardo's Pizza and Submarines at all times relevant to this action was an enterprise engaged in interstate commerce as defined by by 29 U.S.C. § 203(s).

21. At all times relevant to this action, defendants Bell and StellaRock, LLC were "employers" and "employed" plaintiffs as defined by 29 U.S.C. § 203(d) and N.Y. Lab.

Law §§ 2(6) and 190(3).

## IV. STATEMENT OF FACTS

**Plaintiff's Wage Claim**

22. Plaintiff was employed by the defendants from approximately April 2013 to September 2015, and then again from approximately February 2016 to May 2016.

23. On September 16. 2015 Plaintiff was fired by Defendant Bell after requesting medical leave. Plaintiff then applied for and received unemployment benefits following her firing. Plaintiff's employment then resumed in February 2016.

24. Plaintiff's job duties included operating the restaurant counter, ordering and receiving shipments, stocking, preparing food, opening and closing the restaurant, cleaning, answering phones, taking orders, making credit card transactions, taking inventory of products, ordering products, and supervising other employees. Plaintiff held the position of manager.

25. On October 28, 2013 plaintiff signed a copy Bernardo's Pizza and Submarines employee handbook, acknowledging receipt of it.

26. When Plaintiff was employed for all years worked she received Internal Revenue Service form W-2.

27. Defendant Bell maintained economic control of Bernardo's Pizza and Submarines during all relevant times.

28. Plaintiff's rate of pay was determined by Defendant Bell and reported on her pay statements as $8.00 per hour in the years 2013 and 2014, $8.75 per hour in the year 2015, and $10.00 per hour in the year 2016.

29. Plaintiff did not customarily and regularly receive more than $30 in tips per month, and was thus not a tipped employee as defined in 29 U.S.C. § 203(t).

30. Defendants have not compensated Plaintiff for her full wages due under federal and state laws for every hour worked:

    a. During the year 2013 plaintiff typically worked between 40 and 50 hours per week but only received compensation for 20 hours of work per week.

    b. During the year of 2014 plaintiff typically worked between 40 and 50 hours per week but only received compensation for 25 hours of work per week.

    c. During the year 2015 plaintiff's work weeks varied, usually ranging between 23 and 48 hours per week. She received compensation for 25 hours of work per week until March of 2015 and then received compensation for 30 hours of work per week for the remainder of 2015. She was underpaid for multiple work weeks in 2015.

    d. During the year 2016 plaintiff's work weeks varied, and in multiple work weeks in 2016 she received compensation for 30 hours of work when she worked greater than 30 hours.

31. Defendants did not provide plaintiff with a New York State employment notice containing information outlined in N.Y. Lab. Law § 195(1), including information such as the rate of pay and any deductions and allowances, nor did she sign a written acknowledgement of receipt of this notice.

32. Defendant Bell originally misled plaintiff into believing she was a business partner at the beginning of her employment. Over the course of her employment, after realizing that she

had been misled, plaintiff made multiple requests of defendant Bell to be paid for all hours worked, but these requests were ignored.

33. Plaintiff's regular hours fluctuated from week to week and year to year, but she occasionally worked shifts or a combination of shifts which exceeded 10 hours in one day.

## V. CLAIMS AGAINST DEFENDANTS

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act (FLSA) – Minimum Wage Violations

34. Pursuant to 29 U.S.C. § 206(a)(1) of the FLSA, a worker engaged in commerce is to be paid not less than $7.25 per hour for work performed on or after July 24, 2009.

35. During the year 2013 defendants failed to pay plaintiff at a rate of $7.25 per hour for all hours worked. Notwithstanding plaintiff's hourly rate of $8.00 per hour, as outlined in ¶ 30(a) above, plaintiff was routinely paid for less hours than the true number of hours worked, and the hourly pay received by plaintiff for actual hours worked during multiple work weeks in 2013 is less than $7.25.

36. During the year 2014 defendants failed to pay plaintiff at a rate of $7.25 per hour for all hours worked. Notwithstanding plaintiff's hourly rate of $8.00 per hour, as outlined in ¶ 30(b) above, plaintiff was routinely paid for less hours than the true number of hours worked, and the hourly pay received by plaintiff for actual hours worked during multiple work weeks in 2014 is less than $7.25.

37. During the year 2015 defendants failed to pay plaintiff at a rate of $7.25 per hour for all hours worked. Notwithstanding plaintiff's hourly rate of $8.75 per hour, as outlined in ¶

30(c) above, plaintiff was routinely paid for less hours than the true number of hours worked, and the hourly pay received by plaintiff for actual hours worked during multiple work weeks in 2015 is less than $7.25.

38. Pursuant to 29 U.S.C. §216(b) of the FLSA, defendants are liable to plaintiffs for the amount of minimum wages due and owing plus an equal amount in liquidated damages.

39. Defendants' unlawful conduct was willful, intentional and lacked a good faith basis. Defendants knew or should have known that their practices were unlawful. Said violations were willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act (FLSA) – Overtime Violations

40. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, a worker is to be paid not less than one and one-half times the regular rate for work performed over forty hours per week.

41. Plaintiff received no overtime pay during the course of her employment with defendants, yet often worked in excess of forty hours per week.

42. Pursuant to 29 U.S.C. §216(b) of the FLSA, defendants are liable to plaintiffs for the amount of overtime wages due and owing plus an equal amount in liquidated damages.

43. Defendants' unlawful conduct was willful, intentional and lacked a good faith basis. Defendant knew or should have known that their practices were unlawful. Said violations were willful within the meaning of 29 U.S.C. § 255(a).

## THIRD CAUSE OF ACTION
### New York Labor Law (N.Y. Lab. Law) - Failure to Pay Minimum Wages for Work Performed

44. Pursuant to the N.Y. Lab. Law, Article 19 § 652 *et seq.* and the Minimum Wage Order, 12

N.Y. Comp. Codes R. & Regs. Tit. 12, § 190-2.1, the basic minimum wage rate for each hour an employee is; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014, $8.75 on and after December 31, 2014, and $9.00 on and after December 31, 2015.

45. As outlined in further detail in ¶¶ 35 through 37 above, plaintiff was not paid for all hours worked. The hourly pay received by plaintiff for actual hours worked in multiple work weeks in 2013 and 2014 was less than $8.00. The hourly pay received by plaintiff for actual hours worked in multiple works weeks in 2015 was less than $8.75.

46. Furthermore, during the year 2016 defendants failed to pay plaintiff at a rate of $9.00 per hour for all hours worked. Notwithstanding plaintiff's hourly rate of $10.00 per hour, as outlined in ¶ 30(d) above, plaintiff was routinely paid for less hours than the true number of hours worked, and the hourly pay received by plaintiff for actual hours worked during multiple work weeks in 2016 is less than $9.00.

47. Defendants' unlawful conduct was willful, intentional, and lacked a good faith basis.

48. Due to Defendants' New York labor law violations, plaintiff is entitled to recover minimum wages under N.Y. Lab. Law §§ 652 and 663(1) and N.Y.C.R.R. § 190-2.1, and liquidated damages under N.Y. Lab. Law § 198(1-a), and reasonable attorney's fees, costs, and pre-judgment and post-judgment interest under N.Y. Lab. Law § 663(1).

**FOURTH CAUSE OF ACTION**
**New York Labor Law and New York Codes, Rules, and Regulations (N.Y.C.R.R.) - Failure to Pay Overtime Wages**

49. Pursuant to N.Y.C.R.R. § 142-2.2, a worker is to be paid not less than one and one-half times the regular rate for work performed over forty hours per week.

50. Plaintiff received no overtime pay during the course of her employment with defendants, yet often worked in excess of forty hours per week.

51. Defendants are liable to plaintiffs for the amount of overtime wages due and owing under N.Y. Lab. Law § 663(1) and N.Y.C.R.R. § 142-2.2, plus an equal amount in liquidated damages under N.Y. Lab. Law § 198(1-a) and reasonable attorney's fees, costs, and pre-judgment and post-judgment interest under N.Y. Lab. Law § 663(1).

52. Defendants' unlawful conduct was willful, intentional, and lacked a good faith basis. Defendant knew or should have known that their practices were unlawful.

## FIFTH CAUSE OF ACTION
**New York Codes, Rules, and Regulations (N.Y.C.R.R.) - Spread of Hours**

53. Defendants failed to pay plaintiff an additional one hour of pay at the New York minimum wage for the days she worked over 10 hours or a combination of shifts which encompassed a time period of greater than 10 hours in one day, as required by N.Y.C.R.R. §§ 142-2.4 and 146-1.6.

54. Due to Defendants' New York labor law violations, plaintiff is entitled to recover one hour's pay at the New York minimum wage for each day she worked a spread of hours greater than 10 hours.

## SIXTH CAUSE OF ACTION
**New York Labor Law (N.Y. Lab. Law) - Notice and Record-Keeping Requirements**

55. Defendants failed to make, keep, and preserve accurate records with respect to plaintiff, during most of her employment, including hours worked each workday and total hours worked each workweek, as required by N.Y. Lab. Law Art. 19 § 661 and supporting regulations.

56. The statements issued to plaintiff pursuant to N.Y. Lab. Law § 195(3) were not accurate records of the hours plaintiff actually worked. The statements routinely reported that plaintiff worked significantly fewer hours than she actually worked.

57. Defendants failed to issue to plaintiff the legally mandated written pay notice at the time of hire, in violation of N.Y. Lab. Law § 195(1).

58. As a result of defendants' violations of N.Y. Lab. Law § 195(1) and § 195(3), plaintiffs are entitled to recover damages together with costs and reasonable attorney's fees in accordance with N.Y. Lab. Law § 198.

59. Defendants' violations of New York labor law were intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

60. Defendants failed to make a good faith effort to comply with state wage laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this honorable court grant the following relief:

    A. Unpaid minimum wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    B. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    C. Unpaid minimum wages and an additional amount as liquidated damages pursuant to N.Y. Lab. Law §§ 198 and 663 (an equal amount of the total unpaid minimum wages).

    D. Unpaid overtime wages and an additional amount as liquidated damages pursuant

to N.Y. Lab. Law §§ 198 and 663, and N.Y.C.R.R. § 142-2.2 (an equal amount of the total unpaid minimum wages).

E. Pursuant to N.Y. Lab. Law § 198, fifty dollars for each day that defendants failed to provide a wage notice in violation of N.Y. Lab. Law § 195(1), but not to exceed $5,000;

F. Pursuant to N.Y. Lab. Law § 198, fifty dollars for each day that defendants failed to provide a correct listing of wages in violation of N.Y. Lab. Law § 195(3), but not to exceed $5,000;

G. An additional one hour of pay at the New York minimum wage for the days plaintiff worked a spread of hours over 10 hours and an additional amount as liquidated damages pursuant to N.Y. Lab. Law §§ 198 and 663, and N.Y.C.R.R. §§ 142-2.4 and 146-1.6.

H. Appropriate declaratory and injunctive relief to remedy violations as provided under N.Y. Labor Law § 198(1-b);

I. Reasonable attorney's fees, costs, and expenses as defined in 29 U.S.C. § 216(b) and N.Y. Labor Law § 198(1-a) and pre-judgment interest as defined in N.Y. Labor Law § 198(1-a); and

J. Such other relief as this Court shall deem just and proper.

Dated: June 2, 2017
Rochester, New York

*Laurie M. Lambrix*

Laurie M. Lambrix
Attorney for Plaintiff
Legal Assistance of Western New York, Inc.
1 West Main Street, Suite 400
Rochester, NY 14614
Phone: 585-295-5620
llambrix@lawny.org


Andrew Spink
Laura D'Elia
Attorneys for Plaintiff
Legal Assistance of Western New York, Inc.
361 South Main Street
Geneva, NY 14456
Phone: (315) 781-1465 x1010
aspink@lawny.org

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

ALISON FICARELLA

                Plaintiff,

v.

DAVID BELL and STELLAROCK, LLC

                Defendants.

NOTICE OF CONSENT FOR FLSA ACTION

Civil Action No._____

---

## Notice of Consent for FLSA Action

I authorize Legal Assistance of Western New York, and any associated attorneys as well as any successors or assigns, to represent me in this action.

I agree and consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, unpaid minimum wages, unpaid overtime, unpaid spread of hours wages, recordkeeping, liquidated damages, attorneys' fees, costs, and/or other relief arising out of my employment with DAVID BELL and STELLAROCK LLC.

_6-1-2017_　　　　　　　　　　　　　　　　　_/s/ Alison Ficarella_

Date　　　　　　　　　　　　　　　　　　　　　　Alison Ficarella